# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

WILLIAM ALVAREZ,

        Plaintiff,

v.

C.O. CALEB BAUSE, C.O. SKYLER TUTTLE, C.O. ANTHONY FARINA, C.O. MICHAEL BABICZ, and SGT. GLENN TROMBLY,

        Defendants.

Case No. 22-cv-0186

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Sivin, Miller & Roche LLP
Attorneys for Plaintiff
20 Vesey Street, Suite 1400
New York, NY 10007

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ......................................................................................................................... 3

    I.    Plaintiff's Proofs Raise Triable Issues of Fact As To Whether Bause's Actions Violated Plaintiff's Right To Intimate Association Under The First And Fourteenth Amendments, And Whether Bause's Actions Were Sufficiently Egregious So As To Shock The Judicial Conscience In Violation Of The Fourteenth Amendment ................................................................................................. 3

    II.    Bause Is Not Entitled To Qualified Immunity ................................................. 8

    III.    Plaintiff's Claims Are Not Barred By *Heck v. Humphrey* ............................. 11

CONCLUSION ..................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Alvarez v. Bause*,
   No. 9:22-CV-00186 (LEK/ATB),
   2023 U.S. Dist. LEXIS 18077 (N.D.N.Y. 2023) .............................................. 1, 8, 10

*Baldwin v. Clarke*,
   No. 14-CV-856, 2017 U.S. Dist. LEXIS 20666 (E.D. Wis. 2017) ............................. 8

*Bennett v. Goord*,
    343 F.3d 133 (2d Cir. 2003) ........................................................................ 5

*Heck v. Humphrey*,
   512 U.S. 477 (1994) ............................................................................... 2, 11

*Higazy v. Templeton*,
   505 F.3d 161 (2d Cir. 2007) ......................................................................... 7

*Hope v. Pelzer*,
   536 U.S. 730 (2002) ............................................................................... 8, 9

*Hurd v. City of New York*,
   No. 18-CV-3704, 2019 U.S. Dist. LEXIS 165776 (E.D.N.Y. 2019) ......................... 10

*Hurd v. Fredenburgh*,
   No. 18-CV-3704, 2019 U.S. Dist. LEXIS 165776 (E.D.N.Y. 2019) ........................... 2

*Johnson v. Newburgh Enlarged Sch. Dist.*,
   239 F.3d 246 (2d Cir. 2001) ....................................................................... 11

*Maldonado v. Holder*,
   763 F.3d 155 (2d Cir. 2014) ....................................................................... 11

*Malley v. Briggs*,
   475 U.S. 335 (1986) ................................................................................ 10

*McEachin v. Selsky*,
   225 F. App'x 36 (2d Cir. 2007) ................................................................... 14

*McPherson v. Rogers*,
   No. 9:12-CV-0766 (DNH/DEP), 2014 U.S. Dist. LEXIS 22057 (N.D.N.Y. 2014),
   *report and recommendation adopted*,
   No. 9:12-CV-0766, 2014 U.S. Dist. LEXIS 21632 (N.D.N.Y. 2014) .................. 12, 13

*Medley v. Garland*,
   71 F.4th 35 (2d Cir. 2023) ......................................................................... 11

*Overton v. Bazzzetta*,
   539 U.S. 126 (2003) ............................................................................. 1, 2, 8

*Pankey v. Annucci*,
   No. 9:20-CV-0577 (GTS/DJS), 2020 U.S. Dist. LEXIS 202252 (N.D.N.Y. 2020) ... 14

*Peralta v. Vasquez*,
   467 F.3d 98 (2d Cir. 2006) .......................................................................... 3, 13, 14

*Seweid v. Cty. of Nassau*,
   No. 21-cv-03712 (JMA) (AYS), 2024 U.S. Dist. LEXIS 28821 (E.D.N.Y. 2024) ....... 9

*Taylor v. Riojas*,
   592 U.S. 7 (2020) ............................................................................................... 9

*Townes v. City of New York*,
   176 F.3d 138 (2d Cir. 2007) ............................................................................ 6, 7

*Trapani v. Annucci*,
   No. 9:21-CV-0681 (LEK/ML), 2022 U.S. Dist. LEXIS 188454 (N.D.N.Y. 2022) .... 10

*White v. Bergenstock*,
   No. 08-CV-717 (FJS/DRH), 2009 U.S. Dist. LEXIS 133733 (N.D.N.Y. 2009) ........ 13

**Statutes**

28 U.S.C. § 2254 ................................................................................................ 12
42 U.S.C. § 1983 .......................................................................................... 12, 14

**PRELIMINARY STATEMENT**

In a Memorandum-Decision and Order dated February 2, 2023 (Memorandum Decision and Order), this Court denied Defendants' motion, *see* ECF No. 14, to dismiss the Second and Third Causes of Action in Plaintiff's First Amended Complaint (FAC), which alleged violations of Plaintiff's rights under the Fourteenth Amendment and First Amendment in connection with the actions of Defendant C.O. Caleb Bause (Bause) in falsely accusing Plaintiff, both in a Misbehavior Report and in testimony at a Tier Hearing, of having attacked him. *See Alvarez v. Bause*, No. 9:22-CV-00186 (LEK/ATB), 2023 U.S. Dist. LEXIS 18077 (N.D.N.Y. 2023). Plaintiff alleged in the FAC that Bause knew that his actions would result in Plaintiff being discharged from the Comprehensive Alcohol and Substance Abuse Treatment (CASAT) program and denied early release from prison, thereby depriving Plaintiff of his ability to associate with and provide emotional support to his infant daughter, who was diagnosed with retinoblastoma, and that Bause's actions had precisely that effect. FAC, ¶¶ 49-55. Plaintiff further alleged that Bause's actions were, among other things, "so egregious and outrageous as to shock the contemporary conscience." FAC, ¶ 59.

Citing, among other sources, the 2003 U.S. Supreme Court case of *Overton v. Bazzzetta*, 539 U.S. 126, 131 (2003), this Court noted in the Memorandum-Decision and Order that the "Right to Intimate Association is not terminated by incarceration…." 2023 U.S. Dist. LEXIS 18077, at *12. The Court also noted that, crediting Plaintiff's allegation regarding Bause's actions, the Court "is unable to

identify any such [state] interest" for those actions, *id.*, *20, and that "[t]his allegation thereby 'shock[s] the judicial conscious' in violation of the protections afforded under the Due Process Clause." *Id.*, at *24, *citing Hurd v. Fredenburgh,* No. 18-CV-3704, 2019 U.S. Dist. LEXIS 165776, at *5 (E.D.N.Y. 2019), at *5.

Defendants now move for partial summary judgment on the same causes of action they earlier sought to dismiss.[1] In support of their motion, Defendants now argue that 1) "On the merits," Plaintiff has failed to adduce sufficient evidence to raise a triable issue of fact as to the allegations underlying his First and Fourteenth Amendment claims; 2) Bause is entitled to "qualified immunity" with respect to those claims; and 3) Plaintiff's First and Fourteenth Amendment claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. Defendants' arguments lack merit.

As demonstrated in Plaintiff's Response to Defendants' Statement of Material Facts, and the accompanying Declaration of William Alvarez, Plaintiff has adduced more than sufficient evidence to raise triable issues of fact as to whether Bause's actions violated Plaintiff's Right to Intimate Association under the First and Fourteenth Amendments, and whether Bause's actions were sufficiently egregious so as to shock the judicial conscience in violation of the Fourteenth Amendment. Bause is not entitled to qualified immunity, since it is *obvious* that Bause's actions, as characterized by Plaintiff, were not lawful. Finally, since

---

[1] Although the FAC also alleges that Bause's actions violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, Defendants have not moved for summary judgment on that claim, nor did they previously move to dismiss any portion of Plaintiff's Eighth Amendment claim against Bause on the pleadings.

2

Plaintiff's First and Fourteenth Amendment claims against Bause are not limited to a challenge to the *length* of Plaintiff's confinement, but also address the *conditions* of his confinement (specifically, Plaintiff's inability to associate with his infant daughter during the remainder of his incarceration), those claims are not barred by *Heck*. *See Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006).

## STATEMENT OF FACTS

For a statement of the facts underlying Plaintiff's opposition, Plaintiff respectfully refers this Court to Plaintiff's Response to Defendants' Statement of Material Facts Pursuant to Rule 56.1(b).

## ARGUMENT

**I. Plaintiff's Proofs Raise Triable Issues of Fact As To Whether Bause's Actions Violated Plaintiff's Right To Intimate Association Under The First And Fourteenth Amendments, And Whether Bause's Actions Were Sufficiently Egregious So As To Shock The Judicial Conscience In Violation Of The Fourteenth Amendment**

Defendants' challenge to "the merits" of Plaintiff's First and Fourteenth Amendment claims essentially boils down to two arguments: 1) Plaintiff has not adduced sufficient evidence that Bause intended to, or caused, Plaintiff to be deprived of any right to inmate association; and 2) Bause's actions were, in any event, too attenuated from the resulting harm to Plaintiff, since the decisions regarding Plaintiff's discharge from the CASAT program and the timing of his release from prison were made not by Bause, but by third parties. Neither argument has merit.

Plaintiff, who is very familiar with the CASAT program by virtue of his former participation in and job title of Assistant Coordinator for the program, states in his Declaration that "CASAT is a substance abuse program that provides an inmate with an opportunity for early release from prison, but only if the inmate fulfills all of the requirements of the program and abides by a set of very strict rules and regulations." *See* October 16, 2024 Declaration of Williams Alvarez (Alvarez Decl.), annexed as Exhibit 1 to the October 16, 2024 Declaration of Edward Sivin (Sivin Decl.), at ¶ 3. Plaintiff further states that as of September 25, 2020, he had "fulfilled all of the requirements thus far in the program," and that he "only had about a couple of weeks remaining in the program, and would have been released from prison and on work release in October had [he] successfully completed the program." *Id.*, at ¶ 4. Plaintiff also asserts that the Deputy Superintendent of Security at Marcy told him that he "was being kicked out of CASAT and transferred out of Marcy, and that [his] release from prison was being delayed, due to the allegations made against [him] by Officer Bause." *Id.*, at ¶8.

Plaintiff's assertions regarding the delay of his release also are consistent with the documentary evidence. Specifically, a "Crime and Sentence Information" printout from the New York State Department of Corrections and Community Supervision (Bates No. 000001 of Defendants' Rule 26 Disclosure, annexed as Exhibit 2 to Sivin Decl.), documents that Plaintiff had a "ME DATE" (Maximum

4

Expiration Date) of "06/27/2011," and a MERIT DATE" of "10/07/2020," which was eight months earlier than his Maximum Expiration Date.[2]

Plaintiff's proofs also raise triable issues of fact as to whether Bause knew that his false accusations against him would adversely affect his right to associate with his infant daughter. In his Declaration, Plaintiff states that he and Bause had spoken several times about the condition of Plaintiff's daughter and Plaintiff's desire for an early release so that he could provide the support that his daughter required. Based on that, Plaintiff makes the reasonable inference that "Officer Bause had to know that if I was found guilty of what he wrote in the Misbehavior Report, I would be kicked out of CASAT and my release from prison would be delayed, thereby preventing me from reuniting with my daughter." Alvarez Decl., at ¶7.

It bears note that were there any inaccuracies in Plaintiff's claims about his scheduled release date, the subsequent delay of that date, or the cause of the delay, Defendants easily could have submitted a declaration from a DOCCS official to that effect. That Defendants apparently elected not to do so lends further credence to Plaintiff's claims. *Cf. Bennett v. Goord,* 343 F.3d 133, 139 (2d Cir. 2003) (reversing grant of summary judgment in favor of various prison officials on an inmate's claim of unconstitutional retaliation, noting that "DOCS offered only a conclusory denial

---

[2] In his Memorandum of Law in opposition to Defendants' 2022 motion to dismiss, Plaintiff mistakenly stated that his release from prison was delayed only "six" months as a consequence of Bause's actions. *See* ECF No. 17, pp. 3 & 7. Evidence adduced during pre-trial discovery demonstrated that the delay was actually *eight* months.

5

of [the plaintiff's] allegations, failing to submit affidavits or any other admissible evidence concerning what Collins officials did or did not know.").

Defendants' argument that Bause's actions were, in any event, too attenuated from the resulting harm to Plaintiff to subject Bause to liability, since the ultimate decisions regarding Plaintiff's discharge from the CASAT program and the timing of his release from prison were made not by Bause, but by third parties, also is unavailing. Defendants' proposed defense is analogous to that frequently offered by law enforcement officers that a claim for malicious prosecution or unjust conviction/incarceration cannot lie against the officer, since it is the prosecutor or other third party that ultimately makes the decision whether to bring criminal charges against the plaintiff and whether the plaintiff should be convicted and sentenced, and for how long. Indeed, Defendants' reference to *Townes v. City of New York*, 176 F.3d 138 (2d Cir. 2007) demonstrates that they are attempting such an analogy. *See* Defendants' Memorandum of Law, p. 10 ("See Townes, 176 F.3d at 148 ("It is well settled that the chain of causation between a police officer's unlaw (sic) arrest and a subsequent conviction and incarceration is broken by the intervening exercise of independent judgment.") However, the language in *Townes* that immediately follows that cited by Defendants demonstrates that the "intervening cause" defense has no applicability in cases where, as here, there is an allegation that the officer misled the individual(s) who made the decision(s) regarding the plaintiff's prosecution, conviction, or sentence.

> It is well settled that the chain of causation between a
> police officer's unlawful arrest and a subsequent

6

> conviction and incarceration is broken by the intervening exercise of independent judgment. *See Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) (intervening decisions of prosecutor, grand jury, judge, and jury); *Hand v. Gary*, 838 F.2d 1420, 1427-28 (5th Cir. 1988) (magistrate or grand jury); *Smiddy v. Varney*, 665 F.2d 261, 266-68 (9th Cir. 1981) (prosecutor), *adhered to*, 803 F.2d 1469, 1471-72 (9th Cir. 1986); *Duncan v. Nelson*, 466 F.2d 939, 943 (7th Cir. 1972) (sentencing judge). ***At least that is so in the absence of evidence that the police officer misled or pressured the official who could be expected to exercise independent judgment.*** *See Borunda v. Richmond*, 885 F.2d 1384, 1390 (9th Cir. 1988); *Barts*, 865 F.2d at 1195; *Hand*, 838 F.2d at 1428; *Smiddy*, 665 F.2d at 266-67.

*Townes*, 176 F.3d at 148 (emphasis added). *See also Higazy v. Templeton*, 505 F.3d 161, 177 (2d Cir. 2007) ("[T]he chain of causation need not be considered broken if [the law enforcement official] deceived the subsequent decision maker, or could reasonably foresee that his misconduct [would] contribute to an independent' decision that results in a deprivation of liberty") (internal quotation marks and citations omitted).

Here, too, since it was reasonably foreseeable to Bause that his false allegations would result in Plaintiff being discharged from the CASAT program, confined to the prison's Special Housing Unit, and denied the scheduled early release that Plaintiff so desperately sought so that he could be reunited with his daughter, Bause cannot escape liability merely because he was not the one who ultimately made the decisions that resulted in depriving Plaintiff of his right to intimate association.

7

## II.   Bause Is Not Entitled To Qualified Immunity

In seeking "qualified immunity," Bause appeals to the often-used argument that it was not clearly established that his actions, even as characterized by Plaintiff, were violative of Plaintiff's rights. However, in its Memorandum-Decision and Order, this Court, referencing *Overton v. Bazzetta*, 539 U.S. 126 (2003), a case decided 19 years earlier, noted that "the Right to Intimate Association is not terminated by incarceration…." *Alvarez v. Bause*, 2023 U.S. Dist. LEXIS 18077, at *12.  Moreover, at least one court has interpreted *Overton* as standing for the proposition that, well before the events of this case, an inmate's right to association with his minor children was clearly established. *See Baldwin v. Clarke*, No. 14-CV-856, 2017 U.S. Dist. LEXIS 20666, at *14 (E.D. Wis. 2017) ("As early as 2003, when the Supreme Court decided *Overton*, a reasonable Jail official would have understood that a total ban on visits by minors, without a showing of a legitimate penological interest that the ban is rationally related to, would violate inmates' rights to associate with their children.")

Defendants seem to argue, though, that the contours of the Right to Intimate Association with respect to inmates were not established with sufficient clarity so as to place Bause on notice that his particular actions in intentionally causing Plaintiff to be deprived of his right of intimate association with his infant daughter were illegal.  However, in *Hope v. Pelzer*, 536 U.S. 730 (2002), the U.S. Supreme Court cautioned against adopting such a strict analysis when it comes to qualified

8

immunity, and of requiring that the conduct in question not be deemed "novel" in terms of judicial precedent:

> Our opinion in *Lanier* thus makes clear that officials can still be on notice that their conduct violates established law *even in novel factual circumstances*. Indeed, in *Lanier*, we expressly rejected a requirement that previous cases be "fundamentally similar." Although earlier cases involving "fundamentally similar" facts can provide especially strong support for a conclusion that the law is clearly established, they are not necessary to such a finding. The same is true of cases with "materially similar" facts. Accordingly, pursuant to *Lanier*, the salient question that the Court of Appeals ought to have asked is whether the state of the law in 1995 gave respondents fair warning that their alleged treatment of Hope was unconstitutional.

*Id.*, p. 741 (emphasis added).

Moreover, where the illegality of an officer's actions is obvious, the officer will not be protected by qualified immunity merely because there exists no prior case law establishing that those particular actions were violative of the plaintiff's constitutional rights. *See, e.g.*, *Taylor v. Riojas*, 592 U.S. 7, 8 (2020) (rejecting the Circuit Court's finding that correction officers were entitled to qualified immunity on the ground that the illegality of their actions was not clearly established, since "[c]onfronted with the particularly egregious facts of this case, any reasonable officer should have realized that [the inmate's] conditions of confinement offended the Constitution."); *Seweid v. Cty. of Nassau*, No. 21-cv-03712 (JMA) (AYS), 2024 U.S. Dist. LEXIS 28821, at *41 (E.D.N.Y. 2024) ("Even if the Court assumed that the precedent cited above does not clearly establish that Officer Schmitt urinating on Seweid violates the Eighth Amendment, the Court can deny qualified immunity

9

based on the *'obviousness'* of the alleged Constitutional violation.") (emphasis added) (citation omitted); *Trapani v. Annucci*, No. 9:21-CV-0681 (LEK/ML), 2022 U.S. Dist. LEXIS 188454, *35-36 (N.D.N.Y. 2022) ("Qualified immunity does not apply if, on an objective basis, *it is obvious* that no reasonably competent officer would have taken the actions of the alleged violation.") (emphasis added) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Crediting Plaintiff's version of events, Bause falsely accused Plaintiff of attacking him, and then repeated those false accusations in testimony at Plaintiff's Tier Hearing. Further, Bause knew that his false accusations, if believed, would result in Plaintiff being discharged from the CASAT program, confined to the SHU, and being denied his scheduled early release from prison. Bause further knew that, as a consequence of his SHU confinement and extended incarceration, Plaintiff would suffer a deprivation of his right to associate with his infant daughter, whom Bause knew was suffering from cancer of the eyes. One need not identify a prior similar case to demonstrate the obvious illegality of Bause's actions. Accordingly, Bause is not entitled to qualified immunity on Plaintiff's claim of violation of his Right to Intimate Association.

Bause also is not entitled to qualified immunity with respect to Plaintiff's substantive due process claim. Specifically, this Court has already found that the conduct of which Plaintiff accuses Bause "'shock[s] the judicial conscious' in violation of the protections afforded under the Due Process Clause." *Alvarez,* 2023 U.S. Dist. LEXIS 18077, at *24, *citing Hurd v. City of New York*, No. 18-CV-3704,

10

2019 U.S. Dist. LEXIS 165776, at *5 (E.D.N.Y. 2019). Such egregious conduct necessarily is not protected by qualified immunity. *See Medley v. Garland*, 71 F.4th 35, 44 (2d Cir. 2023) ("As for the standard itself, the 'test for egregiousness is more demanding than the test for overcoming qualified immunity.'") (citing *Maldonado v. Holder*, 763 F.3d 155, 159 (2d Cir. 2014) ("Egregious abuse entails a shock to the conscience [] and is rarely satisfied.") (internal quotation marks and citation omitted); *cf. Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 253 (2d Cir. 2001) (holding that, notwithstanding the defendants' argument that "the 'contours' of the right…are not sufficiently concrete to overcome qualified immunity," the defendants were not entitled to qualified immunity on the plaintiff's substantive due process claim since, for "claims based on intentionally tortious harmful conduct employed in the absence of any legitimate government interest, the requisite degree of particularity is lessened.")

### III. Plaintiff's Claims Are Not Barred By *Heck v. Humphrey*

As a preliminary matter, Defendants do not argue, nor can they, that *Heck v. Humphrey* bars Plaintiff's claims with respect to the 11 days he spent in the prison's Special Housing Unit between September 25, 2020, when Bause falsely accused Plaintiff of attacking him, and October 6, 2020, when Plaintiff was found guilty of the administrative charges lodged against him by Bause and sentenced to an additional 49 days in the SHU. Plaintiff's claim that he was "no longer allowed to have any phone calls with [his] wife or daughter" during those first 11 days," *see* Alvarez Decl., at ¶ 7, to say nothing of the subsequent 49 days, does not call into

11

question the validity of his conviction or sentence on those charges. *See Heck*, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a *conviction or sentence* invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.") (emphasis added). A finding that Bause's actions caused Plaintiff to be deprived of his right to intimate association with his infant daughter during the 11 days *prior* to his being convicted and sentenced to an additional 49 days necessarily would not render that conviction or sentence unlawful. Accordingly, Defendants' *Heck* challenge with respect to those first 11 days must fail.

Moreover, it is not at all clear that *Heck* has any applicability to the violations Plaintiff suffered during the additional 49 days he spent in the SHU, or during the additional eight months that he was incarcerated. In *McPherson v. Rogers*, No. 9:12-CV-0766 (DNH/DEP), 2014 U.S. Dist. LEXIS 22057 (N.D.N.Y. 2014), *report and recommendation adopted*, No. 9:12-CV-0766, 2014 U.S. Dist. LEXIS 21632 (N.D.N.Y. 2014), the plaintiff sought damages for the time spent in the SHU after he was found guilty of charges contained in a false Misbehavior Report that he claimed was issued by a correction officer in retaliation for having exercised his First Amendment right to file a grievance. The officer moved for

12

summary judgment, arguing, *inter alia*, that the inmate's claim was barred by *Heck v. Humphrey*, "in light of the adverse disciplinary determination." 2014 U.S. Dist. LEXIS 22057, at *42. The court recommended that summary judgment on *Heck* grounds be denied, noting that "[a]lthough it is true that the hearing officer's finding of guilt seemingly belies any claim that the misbehavior report was false, it does not necessarily follow that [the officer's] motivation for issuing it was without retaliatory animus." *Id.*, at 46. *But cf. White v. Bergenstock*, No. 08-CV-717 (FJS/DRH), 2009 U.S. Dist. LEXIS 133733, at *17 (N.D.N.Y. 2009) (holding that *Heck* barred an inmate's claim for damages arising out of issuance of a false misbehavior report, noting that "because White's recovery of damages here for a false misbehavior report would necessarily imply the invalidity of the disciplinary conviction, the claim here cannot stand")

    Here, too, notwithstanding the hearing officer's finding of guilt on the charges filed by Bause against Plaintiff, the trier of fact reasonably can find that Bause filed false charges against Plaintiff knowing that doing so would result in Plaintiff being deprived of his right to intimate association with his infant daughter. In that event, the jury properly could find that Bause's actions were in violation of Plaintiff's constitutional rights.

    Finally, even were *Heck* a viable defense to Plaintiff's claims, that defense would be limited to any challenge by Plaintiff to the *length* of his post-conviction SHU confinement and to the additional eight months he spent in prison, and not to the *conditions* of those confinements--i.e., being deprived of his Right to Intimate

13

Association during those periods. In *Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006), the Second Circuit made clear that while *Heck* may, under appropriate circumstances, bar an inmate's challenge to the length of his confinement, it does not bar a challenge to the conditions of his confinement so long as he explicitly waives his challenge to the length of the confinement.

> We today hold that a prisoner subject to such mixed sanctions can proceed separately, under § 1983, with a challenge to the sanctions affecting his conditions of confinement without satisfying the favorable termination rule, *but that he can only do so if he is willing to forgo once and for all any challenge to any sanctions that affect the duration of his confinement.* In other words, the prisoner must abandon, not just now, but also in any future proceeding, any claims he may have with respect to the duration of his confinement that arise out of the proceeding he is attacking in his current § 1983 suit.

*Id.*, p. 104 (emphasis in original). The Court reiterated this principle in *McEachin v. Selsky*, 225 F. App'x 36, 37 (2d Cir. 2007) (summary order) ("*Heck*'s rule, however, does not preclude a § 1983 claim aimed at sanctions that do not affect the overall length of confinement.") (citations omitted).

Based on the foregoing, in the event this Court deems *Heck* applicable at all to Plaintiff's claims, Plaintiff hereby waives for all time all claims in this action relating to the duration of his post-conviction confinements in order to proceed with his claims challenging the conditions of his confinement. *See Pankey v. Annucci*, No. 9:20-CV-0577 (GTS/DJS), 2020 U.S. Dist. LEXIS 202252, at *4-5 (N.D.N.Y. 2020) (allowing inmate to amend his complaint to challenge the conditions of his confinement after being found guilty of disciplinary charges, notwithstanding a

14

potential *Heck* bar, so long as he "clearly and unequivocally state[s] that 'he waives for all times all claims in this action relating to the disciplinary sanctions affecting the duration of his confinement (i.e., the loss of good time) in order to proceed with his claims challenging the sanctions affecting the conditions of his confinement.'") (citation omitted).

## CONCLUSION

Based on the foregoing, Plaintiff requests that the Court deny in its entirety Defendants' motion for partial summary judgment.

Dated: New York, New York
      October 16, 2024

                                 SIVIN, MILLER & ROCHE LLP

                                 s/ Edward Sivin
                                 Edward Sivin
                                 Bar Roll Number: 514765
                                 Attorneys for Plaintiff
                                 20 Vesey Street, Suite 1400
                                 New York, NY 10007
                                 Telephone: (212) 349-0300
                                 Email: esivin@sivinandmiller.com