UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIAM ALVAREZ,

                              *Plaintiff*,         **DECLARATION**

    -against-                        22-CV-0186
                                                                 LEK/DJS

C.O. CALEB BAUSE, C.O. SKYLER TUTTLE, C.O. ANTHONY FARINA, C.O. MICHAEL BABICZ, and SGT. GLENN TROMBLEY,

                              *Defendants*.

---

       William A. Scott, on the date noted below and pursuant to § 1746 of title 28 of the United States Code, declares the following to be true and correct under penalty of perjury under the laws of the United States of America:

       1.    I am an Assistant Attorney General in the Office of the New York State Attorney General (OAG). I am employed as the Deputy Bureau Chief for OAG's Albany Litigation Bureau (the Bureau), a bureau within OAG Division of State Counsel.

       2.    I make this declaration in support of the OAG's motion to withdraw as counsel for the Defendants in this matter.

**Statutory Roles of OAG**

       3.    Pursuant to New York Public Officers Law § 17(2)(a), the state shall provide for the defense of a state employee in civil actions and proceedings in state and federal court arising out of any alleged acts or omissions which occurred or are alleged to have occurred in the complaint while the employee was acting within the scope of his public employment or duties. *See*

N.Y. Pub. Off. Law § 17(2)(a). New York Public Officers Law § 17(2)(b) provides that an otherwise eligible state employee "shall be entitled to be represented by the attorney general, provided, however, that the employee shall be entitled to representation by private counsel of his choice in any civil judicial proceeding whenever the attorney general determines based upon his investigation and review of the facts and circumstances of the case that representation by the attorney general would be inappropriate." *See* N.Y. Pub. Off. Law §17(2)(b). Separate and apart from the determination of whether a state official is entitled to a state-funded defense, the Attorney General has broad discretion to determine whether representation by the Attorney General would be inappropriate. *Id*.

4. New York Executive Law § 70-b directs OAG's Office of Special Investigation ("OSI") to investigate and, if warranted, prosecute any incident in which a police officer or a peace officer, as defined, has caused the death of a person by an act or omission, or in which there is a question whether such officer may have caused a death. Section 70-b further directs OSI, if warranted, to prosecute any criminal offense that the officer may have committed in connection with the incident. *See* N.Y. Exec. Law §70-b(1).

5. The Bureau and OSI are two distinct components of OAG, and the Bureau and OSI do not share cases or information about their respective cases or investigations.

**Death of Robert Brooks and OSI Investigation**

6. On December 10, 2024, a use of force occurred at Marcy Correctional Facility, a part of the New York State Department of Corrections and Community Supervision (DOCCS), that resulted in the death of incarcerated individual Robert Brooks.

7. Initial media reports regarding the incident did not identify the individuals involved in the incident.

8. On December 16, 2024, OAG announced that OSI had opened an investigation into Mr. Brooks' death pursuant to its statutory obligations. *See* ATTORNEY GENERAL JAMES' OFFICE OF SPECIAL INVESTIGATION OPENS INVESTIGATION INTO CIVILIAN DEATH IN ONEIDA COUNTY, https://ag.ny.gov/press-release/2024/attorney-general-james-office-special-investigation-opens-investigation-civilian.

9. On December 20, 2024, media outlets reported the names of the employees allegedly involved in the incident as Sergeants Michael Mashaw and Glenn Trombley; Corrections Officers Michael Along, Nicholas Anzalone, Anthony Farina (who had reportedly resigned from DOCCS), Michael Fisher, Matthew Galliher, Robert Kessler, Nicholas Kieffer, David Kingsley, Shea Schoff, Christopher Walrath, and David Walters; and, Nurse Kyle Dashnaw (collectively "the Marcy Employees"). *See, e.g.*, PRISON OFFICERS IDENTIFIED IN DEADLY BEATING OF INMATE WILL BE FIRED, https://www.timesunion.com/capitol/article/inmate-handcuffed-alleged-fatal-beating-officers-19990163.php.

10. On December 21, 2024, OAG announced that OSI had obtained video of the incident involving Mr. Brooks but did not indicate which employees were involved in the incident. *See* ATTORNEY GENERAL JAMES RELEASES STATEMENT ON INVESTIGATION INTO CIVILIAN DEATH AT MARCY CORRECTIONAL FACILITY IN ONEIDA COUNTY, https://ag.ny.gov/press-release/2024/attorney-general-james-releases-statement-investigation-civilian-death-marcy.

11. On December 27, 2024, OAG released video footage from the incident involving Mr. Brooks, and identified Sergeant Glenn Trombley, CO Michael Along, CO Michael Fisher and CO Matthew Galliher as having been involved in the incident. *See* ATTORNEY GENERAL JAMES RELEASES FOOTAGE FROM INVESTIGATION INTO DEATH OF ROBERT BROOKS, https://ag.ny.gov/press-release/2024/attorney-general-james-releases-footage-investigation-

death-robert-brooks; *see also* INVESTIGATION INTO THE DEATH OF ROBERT BROOKS, https://ag.ny.gov/osi/footage/robert-brooks.

12. OAG withdrew from the investigation on January 2, 2025. *See* VIDEO: Attorney General James Updates New Yorkers on Investigation into the Death of Robert Brooks at Marcy Correctional Facility, https://ag.ny.gov/press-release/2025/video-attorney-general-james-updates-new-yorkers-investigation-death-robert

**Representation Check**

13. The Bureau conducted a search of its records to determine if the Bureau was currently representing any of the employees allegedly involved in Mr. Brooks' death.

14. The Bureau identified four cases pending in the Northern District of New York where it was representing one or more of the employees implicated in Mr. Brooks' death ("the Pending Cases"): 1) *Alvarez v. Bause*, et al. 22-cv-186; 2) *Bauer v. Iodice*, et al., 22-cv-1007; 3) *Gibson v. Reardon*, et al, 22-cv-0723, and; 4) *Ramsey v. Reardon*, et al., 22-cv-0265.

15. On January 3, 2025, OAG determined that continued representation of any defendant by OAG in the Pending Cases would be in violation of an ethical rule, potentially prejudice the defendants position in cases, and, therefore, is inappropriate.

**Notification of Certification for Private Counsel and Withdrawal**

16. As required by statute, OAG notified both the New York State Comptroller and the defendants in the Pending Cases that they are being certified to obtain outside counsel. See N.Y. Pub. Off. Law §17(2)(b).

17. Those notifications were sent with the understanding that any request to withdraw is subject to the Court's approval pursuant to the Federal Rules of Civil Procedure, and to ensure

that, if approval to withdraw is granted, outside counsel can be retained expeditiously so as not to impact the progress of the Pending Cases.

Dated: Albany, New York
       January 9, 2025

                                  /s/ William A. Scott
                                  William A. Scott
                                  Bar Roll No. 512434