UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

WILLIAM ALVAREZ,

$\qquad$ *Plaintiff*,

-against-                                                     22-CV-0186

                                                                  LEK/DJS
C.O. CALEB BAUSE, C.O. SKYLER TUTTLE, C.O.
ANTHONY FARINA, C.O. MICHAEL BABICZ, and
SGT. GLENN TROMBLEY,

$\qquad$ *Defendants*.

―――――――――――――――――――――――

**MEMORANDUM OF LAW IN SUPPORT OF THE OFFICE OF THE NEW YORK
STATE ATTORNEY GENERAL'S MOTION TO WITHDRAW AS COUNSEL
PURSUANT TO LOCAL RULE 11.1**

LETITIA JAMES
New York State Attorney General
Attorney for Defendants Michael Babicz, Caleb
    Bause, Anthony Farina, Glenn Trombly,
    and Skyler Tuttle
The Capitol
Albany, New York 12224

Matthew Gallagher
Assistant Attorney General
Bar Roll No. 701111
Telephone: (518) 776-2284
Fax: (518) 915-7734 (Not for service of papers)                    Date: January 9, 2025

**Table of Contents**

BACKGROUND ................................................................................................................ 1

    OAG's Representation of Defendants .................................................................. 1

    Death of Robert Brooks and OSI Investigation .................................................. 1

    OAG Representation Review ............................................................................... 3

ARGUMENT ................................................................................................................... 3

    A. Good Cause Exists for Withdrawal of OAG as Counsel for Defendants .......... 4

    B. Withdrawal of Counsel Will not Cause Undue Delay or Otherwise
        Prejudice the Parties ...................................................................................... 7

CONCLUSION ................................................................................................................ 9

## Table of Authorities

**Cases**                                                                    **Page(s)**

*Finkel v. Fraterrelli Brothers, Inc.*,
2006 WL 8439497 (E.D.N.Y. Dec. 4, 2006) .............................................................................3

*Greystone Staffing, Inc. v. Vicenzi & Winston Resources*,
2004 WL 2952864 (Sup. Ct., Nassau Cty. Dec. 13, 2004) .....................................................7

*Jones v. Parmley*,
2015 WL 13821160 (N.D.N.Y. Jan. 7, 2015) .....................................................................4, 7

*Karimian v. Time Equities, Inc.*,
2011 WL 1900092 (S.D.N.Y. May 11, 2011) .........................................................................4

*Lin v. Ronde*,
2011 WL 13113711 (Sup. Ct., N.Y. Cty. Oct. 12, 2011) .......................................................7

*Malarkey v. Texaco, Inc.*,
1989 WL 88709 (S.D.N.Y. 1989).............................................................................................8

*Roddy v. Nederlander Producing Co. of America, Inc.*,
96 A.D. 3d 509 (1st Dep't 2012) ..............................................................................................4

*Rophaiel v. Alken Murray Corp.*,
1996 WL 306457 (S.D.N.Y. June 7, 1996) .............................................................................8

*Sidor v. Zuhoski*,
261 A.D.2d 529 (2d Dep't 1999) ..............................................................................................6

*Stair v. Calhoun*,
722 F. Supp. 2d 258 (E.D.N.Y. 2010) .....................................................................................4

*Tavarez v. Hill*,
23 Misc. 3d 377 (Sup. Ct. Bronx Cnty. 2009) ........................................................................7

*U.S. v. Oberoi*,
331 F. 3d 44 (2d Cir. 2003).......................................................................................................4

*Whiting v. Lacara*,
187 F. 3d 317 (2d Cir. 1999).....................................................................................................7

*Winkfield v. Kirschenbaum & Phillips, P.C.*,
2013 WL 371673 (S.D.N.Y. Jan. 29, 2013) ...........................................................................3

## State Statutes

Executive Law
  § 70-b ..................................................................................................................2

N.Y. Exec. Law
  § 70-b(1).............................................................................................................2

N.Y. Pub. Off. Law
  § 17(2) ................................................................................................................1
  §17(2)(b) .............................................................................................................7

## State Regulations

22 N.Y.C.R.R.
  § 1200, et seq. ....................................................................................................5

## Rules

Rule 1.7 ..............................................................................................................................5

Rule 1.7(a)(1) .....................................................................................................................5

Rule 1.7, Comment [8]........................................................................................................5

Rule 1.7, Comments............................................................................................................6

Rule 1.10 ............................................................................................................................6

Rule 1.10(a) ........................................................................................................................5

Rule 1.10, Comment [1].......................................................................................................6

Rule 11.1(b) of the Local Rules......................................................................................1, 3

Rules 1.7 and 1.10..............................................................................................................6

## Miscellaneous Authorities

https://www.timesunion.com/capitol/article/inmate-handcuffed-alleged-fatal-beating-
  officers-19990163.php (last visited Jan. 7, 2025).......................................................2

The Office of the New York State Attorney General (OAG) respectfully submits this memorandum of law and the accompanying declaration of Assistant Attorney General William A. Scott in support of its motion to withdraw as counsel for Defendants, Caleb Bause, Michael Babicz, Skyler Tuttle, Glenn Trombly, and Anthony Farina (Defendants), pursuant to Local Rule 11.1(b) of the Local Rules of Practice for the United States District Court for the Northern District of New York.

## BACKGROUND

### OAG's Representation of Defendants

This action arises out of a use-of-force incident that occurred on September 25, 2020 inside the F-1 dormitory at Marcy Correctional Facility (Marcy). Amended Complaint, ECF. No. 12 (Am. Complaint), ¶¶ 22-38. Plaintiff alleges, among other things, that he was assaulted by Defendants while restrained, which resulted in severe physical injuries.  *Id.* ¶¶ 33, 39.

OAG, through its Litigation Bureau, defends eligible state employees in civil actions and proceedings in state and federal court arising out of any alleged act or omissions which occurred or is alleged to have occurred in the complaint while the employee was acting within the scope of his public employment or duties. *See* N.Y. Pub. Off. Law § 17(2). On March 17, 2022, OAG received copies of requests for representation from Defendants Babicz, Bause, Farina, Trombly and Tuttle of the Department of Corrections and Community Supervision (DOCCS) in connection with the above-captioned action. On March 28, 2022, OAG, through its Litigation Bureau, appeared on behalf of Defendants in this action. *See* ECF. No. 10. OAG's Litigation Bureau has continuously represented Defendants in this matter up to the present.

### Death of Robert Brooks and OSI Investigation

On December 10, 2024, Incarcerated Individual Robert Brooks died following a use of force at Marcy. Declaration of William A. Scott (Scott Decl.) ¶ 6. The use of force involved

1

numerous corrections sergeants and officers, including Glenn Trombly and Anthony Farina (collectively Marcy Employees). *See id*. ¶ 9. Anthony Farina thereafter resigned from his employment with DOCCS, and the Governor and DOCCS announced their intention to terminate all other employees involved.[1]

Executive Law § 70-b directs OAG's Office of Special Investigation (OSI) to investigate and, if warranted, prosecute any incident in which a police officer or a peace officer, as defined, has caused the death of a person by an act or omission, or in which there is a question whether such officer may have caused a death. Section 70-b further directs OSI, if warranted, to prosecute any criminal offense that the officer may have committed in connection with the incident. *See* N.Y. Exec. Law § 70-b(1).

On December 16, 2024, OAG announced that OSI opened an investigation into the use of force by corrections officers that preceded Mr. Brooks' death pursuant to its authority under Executive Law § 70-b. Scott Decl. ¶ 8. On December 20, 2024, media outlets reported the names of the employees allegedly involved in the incident as Sergeants Michael Mashaw and Glenn Trombley; Corrections Officers Michael Along, Nicholas Anzalone, Anthony Farina (who had reportedly resigned from DOCCS), Michael Fisher, Matthew Galliher, Robert Kessler, Nicholas Kieffer, David Kingsley, Shea Schoff, Christopher Walrath, and David Walters; and Nurse Kyle Dashnaw. *Id.* ¶ 9.

On December 21, 2024, OAG announced that OSI had obtained video of the incident involving Mr. Brooks but did not indicate which DOCCS employees were involved in the incident. *Id*. ¶ 10.  On December 27, 2024, OAG released video footage from the incident involving Mr.

---

[1] https://www.timesunion.com/capitol/article/inmate-handcuffed-alleged-fatal-beating-officers-19990163.php (last visited Jan. 7, 2025).

Brooks and identified some of the officers involved in the incident. *Id.* ¶ 11. On January 2, 2025, OAG announced that OSI would recuse itself from further investigation into the incident due to its current representation of some of the Marcy Employees in other cases. *Id.* ¶ 12.

**OAG Representation Review**

The OAG's Litigation Bureau conducted a search of its records to determine if the Litigation Bureau was currently representing any of the employees allegedly involved in Mr. Brooks' death. *Id.* ¶ 13. The Bureau identified four cases pending in the Northern District of New York where it was representing one or more of the employees implicated in Mr. Brooks' death, including this case. *Id.* ¶ 14.

Although, the Litigation Bureau and OSI are two distinct components of OAG and the Bureau and OSI do not share cases or information (Scott Decl. ¶ 5), on January 3, 2025, OAG determined that continued representation of any of the Defendants by OAG would be in violation of an ethical rule, potentially prejudice the Defendants' position, and, therefore, is inappropriate. *Id.* ¶ 15.

## ARGUMENT

Local Rule 11.1(b) provides, "[a]n attorney who has appeared for a defendant shall thereafter withdraw only upon notice of a motion to withdraw as counsel for the defendant and all parties to the case and an order of the Court finding that good cause exists and granting leave to withdraw." L.R. 11.1(b). Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F. 2d 317, 320 (2d Cir. 1999)). A court considering whether to grant a motion to withdraw "must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Winkfield v.*

*Kirschenbaum & Phillips, P.C.*, 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013); *accord Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011).

   While the decision to grant or deny a motion to withdraw as counsel is within the discretion of the Court, *see Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010), "where an attorney desires to withdraw from a case, he will in most cases be allowed to do so." *Karimian,* 2011 WL 1900092, at *3 ("[W]hat amounts to specific performance by an attorney has been required, but such cases are extremely rare") (quoting *Moolick v. Natwest Bank, N.A*., 1996 WL 411691, at *2 (S.D.N.Y. July 23, 1996)). "Doubts as to the existence of a conflict of interest must be resolved in favor of disqualification." *Roddy v. Nederlander Producing Co. of America, Inc.*, 96 A.D. 3d 509, 509 (1st Dep't 2012) (collecting cases) (disqualifying attorney from concurrently representing defendants with competing interests in minimizing proportional share of damages).

   Good cause exists requiring the withdrawal of OAG as Defendants' counsel, and such withdrawal will not cause undue delay or prejudice to the parties. Therefore, OAG's motion should be granted.

### A. Good Cause Exists for Withdrawal of OAG as Counsel for Defendants

   "In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility, although courts are not bound by the codes." *Jones v. Parmley*, 2015 WL 13821160, at *3 (N.D.N.Y. Jan. 7, 2015), *aff'd*, 714 F. App'x 42 (2d Cir. 2017) (citing *Whiting v. Lacara*, 187 F. 3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal as counsel)). Good cause exists for withdrawal where continued representation would cause a violation of New York's Rules of Professional Conduct. *U.S. v. Oberoi*, 331 F. 3d 44, 47-48 (2d Cir. 2003) ("[I]f forcing an attorney to continue representation will cause a violation of the Code of Professional Responsibility and possibly subject the attorney to sanctions, it will be an abuse of

4

discretion not to grant the motion to withdraw."). The relevant Rules of Professional Conduct require withdrawal of OAG as counsel for Defendants in this case. Therefore, there is good cause for withdrawal.

Specifically, Rule 1.7 provides that "a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . the representation will involve the lawyer in representing differing interests." N.Y. Rules of Professional Conduct[2] (NYRPC) Rule 1.7(a)(1). "Differing interests exist if there is a significant risk that a lawyer's exercise of professional judgment in considering, recommending or carrying out an appropriate course of action for the client will be adversely affected or the representation would otherwise be materially limited by the lawyer's other responsibilities or interests." NYRPC Rule 1.7, Comment [8]. "The critical questions are the likelihood that a difference in interests will eventuate and, if it does, whether it will adversely affect the lawyer's professional judgment in considering alternatives or foreclosing courses of action that reasonably should be pursued on behalf of the client." *Id.*

Though brief, OSI's role investigating and obtaining and releasing information concerning Mr. Brook's death may be prejudicial to the interests of current OAG clients, Glenn Trombly and Anthony Farina in this case. At the very least, these factual circumstances create the appearance of impropriety that mitigates against continuing to represent any of the Marcy Employees.

While OAG's Litigation Bureau and OSI are distinct from each other within OAG, that distinction is not necessarily relevant for the purposes of a whether continued representation is appropriate. A lawyer associated with a firm may not knowingly represent a client when another lawyer in the same firm would be conflicted from doing so under these rules. NYRPC Rule

---

[2] New York's Rules of Professional Conduct are promulgated at 22 N.Y.C.R.R. § 1200, et seq.

1.10(a). A "firm" includes lawyers employed in a government law office. NYRPC Rule 1.10, Comment [1].

The comments to Rule 1.10 further state that: "The rule of imputed disqualification stated in paragraph (a) gives effect to the principle of loyalty to the client as it applies to lawyers who practice in a law firm. Such situations can be considered from the premise that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated." *Id.*, Comment [2].

Based on Rules 1.7 and 1.10, OAG cannot ethically continue representing the Defendants in this case. While only two of the five Defendants in this case were allegedly involved in the incident that led to the death of Mr. Brooks, OAG must be permitted to withdraw representation as to all five Defendants. At this stage of the litigation, confidential information has been shared between and among counsel and the jointly represented clients. Continuing to represent only some of the Defendants in this matter would necessarily raise ethical concerns about how counsel properly could, and could not, use that information going forward. *See* NYRPC Rule 1.7, Comments [30], [31]. Moreover, continued representation of some Defendants may create an impression of wrongdoing on the part of Defendants Trombly and Farina by separating their representation from the other three Defendants. The case law in New York is definitive on this point. "[A]n attorney who undertakes the joint representation of two parties in a lawsuit [should] not continue as counsel for either one after an actual conflict of interest has arisen because continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to preserve a client's confidences or the rule requiring an attorney to represent a client zealously." *Sidor v. Zuhoski*, 261 A.D.2d 529, 530 (2d Dep't 1999) (internal quotation

marks and citation omitted); *see also, e.g.*, *Lin v. Ronde*, 2011 WL 13113711, at *1 (Sup. Ct., N.Y. Cty. Oct. 12, 2011) ("Where it has been determined that counsel has a concurrent conflict of interest, it has been held that the lawyer should be disqualified from representing both clients."); *Tavarez v. Hill*, 23 Misc. 3d 377, 778 (Sup. Ct. Bronx Cnty. 2009) ("When a conflict exists, counsel is thereafter disqualified from representing *anyone* in the action."); *Greystone Staffing, Inc. v. Vicenzi & Winston Resources*, 2004 WL 2952864, at *3 (Sup. Ct., Nassau Cty. Dec. 13, 2004) ("Once an actual conflict exists, the attorney is prohibited from representing any party in that action.").

As required by statute, OAG notified both the New York State Comptroller and Defendants that they are being certified to obtain outside joint counsel at state expense. *See* N.Y. Pub. Off. Law §17(2)(b); Scott Decl. ¶ 16. Therefore, all five Defendants will be represented by the same counsel to avoid any adverse impression created by separate counsel.

In light of the dictates of New York's Rules of Professional Responsibility, and the unique factual circumstances created by OSI's initial investigation into this matter that involved current individual clients of OAG, continued OAG representation of the Defendants would be inappropriate and good cause exists to grant counsel's motion to withdraw.

**B. Withdrawal of Counsel Will not Cause Undue Delay or Otherwise Prejudice the Parties**

"When considering the impact of withdrawal, courts consider the prejudice withdrawal may cause to other litigants, the harm the withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the case." *Jones*, 2015 WL 13821160, at *4. "In addressing motions to withdraw as counsel, district courts have typically considered whether 'the prosecution of the suit is likely to be disrupted by the withdrawal of counsel.'" *Whiting v. Lacara*, 187 F. 3d 317, 320–21 (2d Cir. 1999) (quoting *Brown v. National*

*Survival Games, Inc.*, 1994 WL 660533, at *3 (N.D.N.Y. Nov.18, 1994)) (finding that because "[discovery] is not complete and the case is not presently scheduled for trial . . . granting the instant motion will not likely cause undue delay"); *see also Malarkey v. Texaco, Inc.*, 1989 WL 88709, at *2 (S.D.N.Y. 1989) (denying counsel's motion to withdraw when case is "on the verge of trial readiness"); *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw and noting concern with litigation delay because it would be "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees").

Here, the withdrawal of OAG as counsel will not cause undue delay or otherwise prejudice the litigants. Discovery has been conducted and is complete. Defendants' Partial Motion for Summary Judgment was fully briefed on November 1, 2024, and is currently pending with the Court. *See* ECF Nos. 49, 52, 55. Also, no trial date has been scheduled. Thus, the current posture of the case is such that it cannot move forward due to the pending motion. Accordingly, withdrawal of counsel at this time will permit Defendants to obtain substitute counsel who will have sufficient time to familiarize themselves with the file before any further activity in the case. Therefore, withdrawal of defense counsel in this action will not cause undue delay or prejudice to the parties.

## CONCLUSION

Based upon the foregoing reasons, OAG's motion to withdraw as counsel should be granted.

Dated: Albany, New York
       January 9, 2025

                                               LETITIA JAMES
New York State Attorney General
Attorney for Defendants Caleb Bause, Michael Babicz, Skyler Tuttle, Glenn Trombly and Anthony Farina
The Capitol
Albany, New York 12224


By: _____
Matthew J. Gallagher
Assistant Attorney General, of Counsel
Bar Roll No. 701111
Telephone: (518) 776-2284
Fax: (518) 915-7734 (Not for service of papers)
Email: matthew.gallagher@ag.ny.gov

TO:    Edward Sivin, Esq.
         Glenn Miller, Esq.
         Sivin, Miller & Roche LLP
         20 Vesey Street
         Suite 1400
         New York, NY  10007
         (*via ECF*)

         Defendants
         (*via Email*)