**The Law Offices of**
**Scott A. Korenbaum**
**14 Wall Street, Suite 4C**
**New York, New York 10005**
**Tel: (212) 587-0018 Fax: (212) 587-0018**

January 26, 2026

BY ECF

Hon. Anthony J. Brindisi
United States District Court
Northern District of New York
10 Broad St.
Utica, NY 13501

Re: *Alvarez v. Bause, et al.*
22 CV 0186 (AJB)

Dear Judge Brindisi:

Sivin, Miller and Roche, LLP and I represent William Alvarez. We write to request a conference once the issue of defendant Anthony Farina's legal representation is resolved to address a number of discovery-related issues. More specifically, we will request permission to conduct a supplemental deposition of defendant Glenn Trombly in the wake of his cooperation with the Special Prosecutor (William Fitzpatrick) in *People v. Fisher*, Ind. No. 70121-25/008 (Oneida County), and *People v. Kingsley* (Ind. No. 70121-25/002), *Galliher* (70121-25/005), and *Kieffer* (70121-25/006) (Oneida County), arising out of the homicide of Robert Brooks at the Marcy Correctional Facility. We will also request a copy of Trombly's plea agreement with the Special Prosecutor, and that the Court sign subpoenas for the Trombly interview notes (*Rosario*, *Brady* and *Giglio*) provided by the Special Prosecutor's Office to defense counsel.

In connection with his cooperation, Trombly testified at both trials that he lied in his Use of Force Report and that he oversaw the production of false Use of Force Reports to protect the correction officers involved in the death of Mr. Brooks. Additionally, Trombly did not require correction officers, including Farina, to prepare Use of Force Reports even though they were required to (Farina pleaded guilty and was sentenced to 22 years in prison). And he made sure a number of the officers got their stories straight, and he lied on his own report, "to deceive those who might be investigating this incident." (Fisher Tr. 15.) Perhaps most significant, at the *Fisher* trial it became clear that the Brooks homicide was not the first time Trombly and other officers had falsified Use of Force Reports. The Special Prosecutor specifically asked whether "this [was] the first time people had falsified reports. . . ." While Trombly ultimately did not answer the question because the Special Prosecutor did not follow up on it (Fisher Tr. 101-02), the Special Prosecutor necessarily had a good faith basis to pose that question.

At his November 7, 2023 deposition, Trombly denied any recollection of the events underlying this action and could only testify based upon the report he prepared. Importantly,

Trombly indicated he never witnessed a correction officer, including Farina, use excessive force (Depos. at 71-72), despite Alvarez's claim that he failed to intervene on two separate occasions, both involving Farina as one of the assailants. Lest there be a mistake, Alvarez claims that Trombly engaged in the same coverup in this case and the Brooks matter.

Rule 30(a) of the Federal Rules of Civil Procedure permits a supplemental deposition with leave of court. Fed. R. Civ. Proc. 30(a)(2)(A)(ii). We seek to depose Trombly for the limited purpose of establishing how frequently Trombly and other correction officers, including the individual defendants, had falsified reports, and whether he and his co-defendants had done so in this case. Depending on Trombly's answers, his testimony may constitute admissions under FRE 801(d)(2)(A) and 801(d)(2)(E), admissible as substantive evidence under FRE 404(b), and information used to impeach the credibility of Trombly and his co-defendants under FRE 608(b). Our request for Trombly's plea agreement and subpoenas for his prior statements to the Special Prosecutor's Office will permit us to focus our inquiry and to confirm the truthfulness of his testimony.

A little more than a year ago we requested that Magistrate Judge Stewart reopen discovery to permit us to obtain "Farina's and Trombly's updated personnel files, as well as all Use of Force Reports, Unusual Incident Reports, and related documents generated in the Brooks Incident." By Order filed May 27, 2025, Magistrate Judge Stewart denied our request after reviewing the personnel files for the defendants. But our request, and Magistrate Judge Stewart's Order, occurred before we knew of Trombly's cooperation with the Special Prosecutor's Office and his subsequent testimony in the trials identified above.

In connection with this request, Glenn Miller, Esq. asked Trombly's counsel, Michael Murphy, Esq., whether he would consent to a supplemental deposition. Mr. Murphy indicated he would not. Accordingly, we request a conference to discuss these matters once the issue of Farina's representation is resolved. We can provide all relevant documents, testimony, and case law supporting our requests at a date and time established by the Court.

Thank you for your attention to these matters.

Respectfully submitted,

*Scott A. Korenbaum*

Scott A. Korenbaum

SAK:sak

cc: All parties (by ECF)